**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

VALERIE SFREDDO,

    Plaintiff,

v                                          C. A. No. 15-11328
                                           Hon.

ALLSTATE INSURANCE COMPANY,

    Defendant
_____/

| DOUGLAS C. ABRAHAM (P24654) | DONALD C. BROWNELL (P48848) |
|---|---|
| HEINKAMP, ELLIS, ABRAHAM & CARLSON | VANDEVEER GARZIA, P.C. |
| Attorney for Plaintiff | Attorney for Defendant Allstate |
| 19500 Victor Parkway, Ste. 150 | 840 W. Long Lake Rd., Ste. 600 |
| Livonia, MI  48152 | Troy, MI  48098-6340 |
| (734) 591 3737 | (248) 312-2800 |
| headesq@aol.com | dbrownell@vgpclaw.com |

_____/

## NOTICE OF REMOVAL

NOW COMES the Defendant, ALLSTATE INSURANCE COMPANY, by and through its attorneys, VANDEVEER GARZIA, P.C., and hereby removes this cause of action to the United States District Court for the Eastern District of Michigan, Southern Division, and states as follows:

1. Defendant, Allstate Insurance Company, is a party to a civil action brought against them in the Circuit Court for the County of Wayne, State of Michigan, entitled:

VALERIE SFREDDO,
    Plaintiff,

v                                            C. A. No. 15 145950 NF
                                           Hon. Nichols

ALLSTATE INSURANCE COMPANY,
    Defendant

2. A copy of each and every pleading served upon Defendant and filed by Defendant, specifically, Plaintiff's Complaint, is attached hereto and that no further proceedings have been had in the State Court action.

3. The above-described action is a civil action of which this Court has original jurisdiction under the provisions of Title 28, United States Code, Section 1332, 1441 and 1446, and one which may be removed to this Court by this Defendant pursuant to the provisions of Title 28, United States Code, Section 1441 and 1446, in that it is a civil action wherein the matter in controversy is alleged to exceed the sum or value of TWENTY FIVE THOUSAND ($25,000.00) DOLLARS, exclusive of interest and costs, according to the Complaint, and is between citizens of different states as more specifically set forth below.

4. The Plaintiff Valerie Sfreddo is was a resident of the Village of Milford, County of Oakland, State of Michigan, and based upon this residency, is a citizen of the State of Michigan.

5. Defendant, Allstate Insurance Company, was at the time of the commencement of this action and at all times prior and subsequent thereto, a corporation duly created and organized by and under the laws of the State of Illinois, and by virtue of said incorporation was and is a resident of the State of Illinois, and was not, and is not, and never has been, a corporation created or organized under the laws of the State of Michigan, and was not and is not and never has been, a resident or citizen of the State of Michigan.

6. Defendant, Allstate Insurance Company, does not have and never has had its principal place of business in the State of Michigan, nor is it, nor has it ever been a citizen in the State of Michigan, its principal place of business being Illinois.

7. The Plaintiff alleges in the Plaintiff's Complaint that the Plaintiff sustained serious injuries as a result of a motor vehicle accident on December 29, 2012. In the Plaintiff's Complaint, the Plaintiff specifically alleges that the Plaintiff was insured with the Defendant under the provisions of an automobile insurance policy issued by the Defendant in accordance with the provisions of MCL 500.3103 et seq. The Plaintiff further alleges that pursuant to the policy of insurance the Defendant became obligated to pay to or on behalf of the Plaintiff expenses and losses including but not limited to medical expenses, medical bills, medical mileage, prescriptions, wage loss and cost of replacement services and attendant care. The Plaintiff alleges that the Plaintiff Valerie Sfreddo has incurred reasonable and necessary expenses for care, recovery and rehabilitation, prescription expenses, reasonable and necessary replacement services, reasonable and necessary attendant care. The Plaintiff further alleges that the Defendant has refused to pay all Personal Protection Insurance benefits in accordance with the applicable No-Fault and contract provisions. The Plaintiff alleges that the Defendant has breached the contract of insurance. Further, the Plaintiff in the Plaintiff's Complaint specifically alleges that the Defendant is entitled to damages under the Unfair Trade Practices Act and specifically alleges that the Defendant has violated the Unfair Trade Practices Act and requests judgment against the Defendant pursuant to MCL 500.2006 as a result of these alleged violations. In this regard, see the Plaintiff's Complaint attached hereto.

8. Further, pursuant to E.D. Mich. LR 81.1, this Defendant is alleging that the amount in controversy exceeds the required jurisdictional amount, and this Defendant is setting forth facts and information available to this Defendant, at this time, which this Defendant is in possession of, which supports the allegation in this matter that the amount in controversy exceeds $75,000, the threshold for jurisdiction in this action, based upon the information available to this Defendant at this time. This information includes the fact that as of the date of this Removal, the Defendant Allstate has paid in excess of $230,000 to or on behalf of the Plaintiff herein. The Plaintiff alleges that the Plaintiff sustained significant injuries in this motor vehicle accident resulting in injuries to the Plaintiff's neck, injuries to the Plaintiff's back, and the Plaintiff also complains of cognitive difficulties as a result of the motor vehicle accident, including concentration problems. Further, the information available to this Defendant indicates that the Plaintiff has made complaints relating to the motor vehicle accident of dizziness, nausea, as well as psychological and psychiatric complaints, including depression and anxiety. As a result of motor vehicle accident, the Plaintiff has received extensive treatment and sought extensive benefits from this Defendant. Based upon the information known to this Defendant and the serious nature of the injuries alleged, as well as the additional claims alleged, the amount in controversy in this action well exceeds $75,000.

9. Further, upon information and belief, the damages sought by the Plaintiff exceed SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS, and the Plaintiff continues to incur alleged damages as a result of No-Fault benefits being incurred, which will allegedly continue. Based upon the allegations of the Plaintiff's Complaint,

the Plaintiff's Complaint seeks damages which, with a determination of liability, could render an award in excess of SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS, exclusive of interest and costs.

10. Therefore, the Complaint sets forth damages that, if believed by a jury and with a determination of liability, could render an award of damages against this Defendant in excess of SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS, exclusive of interest and costs, with the damages alleged by the Plaintiff as allegedly the responsibility of this Defendant.

11. The removal of this case has been filed within thirty (30) days after the receipt by the Defendant of the Summons and Complaint, the same having been first served on Defendant, Allstate Insurance Company, via Certified Mail on March 17, 2015. A copy of the Summons and Complaint is attached to this Notice of Removal.

12. That the Defendant seeks removal of this action from the Circuit Court for the County of Oakland, State of Michigan to the United States District Court, Eastern District of Michigan, Southern Division.

WHEREFORE, Defendant, ALLSTATE INSURANCE COMPANY, an Illinois Corporation, prays that the above-entitled action pending against it in the Circuit Court for the County of Oakland, State of Michigan, be removed therefrom to this Honorable Court.

VANDEVEER GARZIA, P.C.

By: /s/Donald C. Brownell
DONALD C. BROWNELL (P48848)
Attorneys for Defendant
840 W. Long Lake Road, Suite 600
Troy, MI 48098-6340
(248) 312-2800

dbrownell@vgpclaw

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause by such filing to the foregoing and mailing the same to his respective business addresses as disclosed by the pleadings of record herein, with postage fully prepaid thereon on April 10, 2015. I declare under the penalty of perjury that the statement above is true to the best of my information knowledge and belief.

VANDEVEER GARZIA, P.C.

By: /s/Donald C. Brownell
DONALD C. BROWNELL (P48848)
Attorneys for Defendant
840 W. Long Lake Road, Suite 600
Troy, MI  48098-6340
(248) 312-2800
dbrownell@vgpclaw

v:\dcb\sfreddo\pleadings\removal.doc

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

VALERIE SFREDDO,

    Plaintiff,

v                                C. A. No.  15-11328
                                 Hon.

ALLSTATE INSURANCE COMPANY,

    Defendant

_____/

| | |
|---|---|
| DOUGLAS C. ABRAHAM  (P24654)<br>HEINKAMP, ELLIS, ABRAHAM & CARLSON<br>Attorney for Plaintiff<br>19500 Victor Parkway, Ste. 150<br>Livonia, MI  48152<br>(734) 591 3737<br>headesq@aol.com | DONALD C. BROWNELL  (P48848)<br>VANDEVEER GARZIA, P.C.<br>Attorney for Defendant Allstate<br>840 W. Long Lake Rd., Ste. 600<br>Troy, MI  48098-6340<br>(248) 312-2800<br>dbrownell@vgpclaw.com |

_____/

## CERTIFICATE OF COMPLIANCE WITH 28 USC §1446(d)

Defendant Allstate Insurance Company, by and through counsel, hereby certifies that, in accordance with 28 USC §1446(d), it gave written notice of the filing of its Notice of Removal to all parties to this action and that it has filed a copy of the Notice of Removal with the Clerk of Courts for the Circuit Court for the County of Oakland, Michigan.

                                            VANDEVEER GARZIA, P.C.

                                            By:  /s/Donald C. Brownell
                                            DONALD C. BROWNELL (P48848)
                                            Attorneys for Defendant
                                            840 W. Long Lake Road, Suite 600
                                            Troy, MI  48098-6340
                                            (248) 312-2800

dbrownell@vgpclaw

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause by such filing to the foregoing and mailing the same to his respective business addresses as disclosed by the pleadings of record herein, with postage fully prepaid thereon on April 10, 2015.   I declare under the penalty of perjury that the statement above is true to the best of my information knowledge and belief.

VANDEVEER GARZIA, P.C.

By: /s/Donald C. Brownell
DONALD C. BROWNELL (P48848)
Attorneys for Defendant
840 W. Long Lake Road, Suite 600
Troy, MI  48098-6340
(248) 312-2800
dbrownell@vgpclaw

v:\dcb\sfreddo\pleadings\cert of compliance.doc

2

| Approved, SCAO | | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|
| **STATE OF MICHIGAN**<br>JUDICIAL DISTRICT<br>**6TH JUDICIAL CIRCUIT**<br>COUNTY PROBATE | | **SUMMONS AND COMPLAINT** | **CASE NO.**<br>15-145950-NF |

**Court address**: 1200 North Telegraph Road, Pontiac, Michigan 48341

**Court telephone no.**: (248) 858-1000

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| VALERIE SFREDDO<br>c/o 19500 Victor Parkway, Suite 150<br>Livonia, Michigan 48152 | v | ALLSTATE INSURANCE COMPANY<br>Resident Agent: c/o The Corporation Company<br>30600 Telegraph Rd., #2345<br>Bingham Farms, Michigan 48025 |

Plaintiff's attorney, bar no., address, and telephone no.
DOUGLAS C. ABRAHAM P-34654
19500 Victor Parkway, Suite 150
Livonia, Michigan 48152
P 734-591-3737

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/clerkrod/efiling.

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111(C))
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| MAR 11 2015 | JUN 09 2015 | Lisa Brown |

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in the Wayne County Circuit Court Court.
The action ☑ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| 13-010508-NI | Patricia Fresard | |

**VENUE**
| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Milford, Oakland County, Michigan | Oakland County, Michigan |

Place where action arose or business conducted
Oakland County, Michigan

03/10/2015
Date

Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) **SUMMONS AND COMPLAINT** MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

Received for Filing Oakland County Clerk 2015 MAR 11 AM 10:15

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/clerkrod/efiling.

STATE OF MICHIGAN

IN THE OAKLAND COUNTY CIRCUIT COURT

VALERIE SFREDDO,

        Plaintiff,

        Case No. 15 **145950**    NF

-vs-

        Honorable **JUDGE NICHOLS**

ALLSTATE INSURANCE COMPANY,

        Defendant.
_____/

There is another civil action arising out of the same transaction as alleged in this Complaint pending in the Wayne County Circuit Court, being case Number 13-010508-NI, assigned to Judge Patricia Fresard.

/s/ Douglas C. Abraham P-34654
HELMKAMP, ELLIS, ABRAHAM & CARLSON
DOUGLAS C. ABRAHAM P-34654
Attorney for Plaintiff
19500 Victor Parkway, Suite 150
Livonia, Michigan 48152
P (734) 591-3737
F (734) 591-6275
E headesq@aol.com
_____/

## COMPLAINT

NOW COMES the Plaintiff, VALERIE SFREDDO, by and through her attorneys, HELMKAMP, ELLIS, ABRAHAM & CARLSON, and for her Complaint against the Defendant states:

1. Plaintiff is a resident of the Village of Milford, Oakland County, Michigan.

2. Defendant ALLSTATE INSURANCE COMPANY is a Michigan corporation conducting continuous and systematic business in the writing of no-fault automobile insurance policies in the Village of Milford, Oakland County, Michigan.

1

3. The amount in controversy is more than $25,000.00.

4. On or about December 29, 2012, Plaintiff was insured with Defendant under the provisions of an automobile insurance policy issued by Defendant in accordance with the provisions of MCL 500.3103 et. seq. (No-Fault Insurance Act), for which all premiums were paid in full and in effect on said date.

5. Pursuant to the aforestated policy of insurance, Defendant became obligated to pay to or on behalf of Plaintiff certain expenses or losses including, but not limited to, medical expenses, medical bills, medical mileage, prescriptions, wage loss and cost of replacement services and attendant care in the event Plaintiff sustained accidental bodily injury in an accident arising out of the ownership, operation, maintenance or use of a motor vehicle.

6. On or about December 29, 2012, Plaintiff VALERIE SFREDDO was involved in an automobile accident in which she sustained accidental bodily injury within the meaning of Defendant's policy and the statutory provision MCL 500.3105.

7. As a result of the accident, Plaintiff VALERIE SFREDDO has incurred:

   A. Reasonable and necessary expenses for care, recovery or rehabilitation;

   B. Prescription expenses;

   C. Reasonable and necessary replacement services;

   D. Reasonable and necessary attendant care;

   E. Other personal protection benefits in accordance with the applicable no-fault provisions.

HELMKAMP, ELLIS,
ABRAHAM & CARLSON
AN ASSOCIATION OF ATTORNEYS
AND COUNSELORS AT LAW
NOT A PARTNERSHIP
19800 VICTOR PARKWAY
SUITE 150
LIVONIA, MICHIGAN 48152

(734) 591-3737

2

Received for Filing Oakland County Clerk 2015 MAR 10 AM 11:10

8. As of March 28, 2014, Defendant has refused to pay Plaintiff VALERIE SFREDDO all the personal protection insurance benefits in accordance with the applicable no-fault and contract provisions. Reasonable proof of full payment of all personal protection insurance benefits has been or will be supplied, but Defendant has refused to consider payment.

9. The actions of Defendant in wrongfully withholding benefits due and owing to Plaintiff are in breach of the aforedescribed insurance contract and the applicable no-fault statutory provisions.

10. As a result of Defendant's breach, Plaintiff has suffered and continues to suffer financial hardship.

11. Defendant has unreasonably refused to pay or has unreasonably delayed in making proper payments of no-fault benefits to Plaintiff contrary to MCL 500.3148, for which an attorney fee will be sought.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter Judgment in her favor and against Defendant in whatever amount she is found to be entitled more than TWENTY FIVE THOUSAND ($25,000.00) Dollars, plus interest under the No-Fault Insurance Act, MCL 500.3142, the Pre-Judgment Interest Statute, MCL 600.6013, costs and attorney fees so wrongfully incurred herein.

## COUNT II - DECLARATORY RELIEF

12. Plaintiff restates each and every allegation of Paragraphs 1 through 11 as though fully set forth herein.

13. With reference to the aforestated contract of insurance, this Court must determine:

HELMKAMP, ELLIS, ABRAHAM & CARLSON
AN ASSOCIATION OF ATTORNEYS AND COUNSELORS AT LAW
NOT A PARTNERSHIP
19500 VICTOR PARKWAY
SUITE 150
LIVONIA, MICHIGAN 48152
(734) 591-3737

A. The applicability of the No-Fault Insurance Act to Plaintiff's claims;

B. The amount of wage loss benefits, replacement services, attendant cares, medical expenses, medical bills, medical mileage, no-fault interest, actual attorney fees, or other benefits owed to Plaintiff;

C. Whether, and in what amount, any reduction, setoffs or reimbursements may be claimed by Defendant;

D. Other determinations, orders and judgments necessary to fully adjudicate the rights of the parties.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter a Judgment in her favor and against Defendant in whatever amount she is found to be entitled more than TWENTY FIVE THOUSAND ($25,000.00) Dollars, plus interest under the No-Fault Insurance Act, MCL 500.3142, the Pre-Judgment Interest Statute, MCL 600.6013, costs and attorney fees so wrongfully incurred herein.

### COUNT III - UNFAIR TRADE PRACTICES ACT

14. Plaintiff restates each and every allegation of Paragraphs 1 through 13 as though fully set forth herein.

15. Plaintiff is entitled to payment under the contract of insurance with Defendant.

16. Plaintiff provided satisfactory proof of loss as to all claims that she was claiming for payment from Defendant on numerous occasions.

17. More than sixty days have elapsed, satisfactory proof of loss has been provided and Defendant has failed to pay this valid claim.

Received for Filing Oakland County Clerk 2015 MAR 10 AM 11:10

HELMKAMP, ELLIS,
ABRAHAM & CARLSON
AN ASSOCIATION OF ATTORNEYS
AND COUNSELORS AT LAW
NOT A PARTNERSHIP
19500 VICTOR PARKWAY
SUITE 150
LIVONIA, MICHIGAN 48152

(734) 591-3737

4

18. Pursuant to the Unfair Trade Practices Act, MCL 500.2006, Defendant has breached the Trade Practices Act by not paying Plaintiff's direct claim when furnished with proof of loss, for which interest is due for the claim at a rate of 12% per annum beginning at a time 60 days after receipt of satisfactory proof of loss.

**WHEREFORE**, Plaintiff requests Judgment against Defendant for interest pursuant to MCL 500.2006 at a rate of 12% for all sums found to be owed in excess of 60 days, plus costs and actual attorney fees so wrongfully incurred.

HELMKAMP, ELLIS, ABRAHAM & CARLSON

/s/ Douglas C. Abraham P-34654
Attorney for Plaintiff
19500 Victor Parkway, Suite 150
Livonia, Michigan 48152
P: (734) 591-3737
F: (734) 591-6275
E headesq@aol.com

DATED: March 10, 2015

Received for Filing Oakland County Clerk 2015 MAR 10 AM 11:10

HELMKAMP, ELLIS,
ABRAHAM & CARLSON
AN ASSOCIATION OF ATTORNEYS
AND COUNSELORS AT LAW
NOT A PARTNERSHIP
19500 VICTOR PARKWAY
SUITE 150
LIVONIA, MICHIGAN 48152
(734) 591-3737